UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AGUSTIN URIBE,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>　　　　　　　Defendants. | Case No.: 10-CV-01758-LHK<br><br>ORDER GRANTING MOTION TO STAY PROCEEDINGS AND DIRECTING CLERK TO ADMINISTRATIVELY CLOSE THE CASE |

Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that various Santa Clara County officials falsified evidence, conspired to withhold, and withheld evidence, resulting in violations of the Fourteenth Amendment. Defendants filed a Motion to Dismiss, or alternatively to stay the proceedings, on grounds that the pending appeal of Plaintiff's criminal case bars Plaintiff's claims until the criminal proceeding has terminated in his favor. Plaintiff opposed the motion and argued alternatively that the case should be stayed, rather than dismissed, pending resolution of the state court proceedings. The Court heard oral argument on Defendants' Motion on October 21, 2010. Having reviewed the parties' arguments and the relevant legal authorities, the Court DENIES the Motion to Dismiss and instead GRANTS a stay of this case until termination of the state court criminal proceedings.

**I. BACKGROUND**

In 2006, a jury convicted Plaintiff of two counts of aggravated sexual assault and two counts of lewd and lascivious acts. Compl. (Dkt. No. 1) at ¶ 16. Plaintiff was sentenced 30 years

1

1   to life consecutive to eight years in prison. *Id*. ¶ 17. At trial, the prosecution had introduced some
2   pictographic evidence from the victim's Sexual Assault Response Team examination. Compl. ¶¶
3   42-44. However, the prosecution did not produce related video evidence to Plaintiff. Compl. ¶¶
4   45-50. Plaintiff appealed his conviction, arguing that by withholding this evidence, the prosecution
5   had violated his due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963).

6   The Sixth District Court of Appeal found for Plaintiff and remanded for re-trial. *People v.*
7   *Agustin Santillah Uribe*, 162 Cal.App.4th 1457, 1482 (2008). However, prosecutorial actions
8   during subsequent motion hearings led the trial court to dismiss the case for prosecutorial
9   misconduct. *People v. Agustin Santillah Uribe*, No. CC598686, slip op. at 3 (Sup. Ct. Cal. Jan. 5,
10  2010). On March 2, 2010, the Attorney General appealed the dismissal. *See* Opp'n. to Mot. to
11  Dismiss at 3; Case No. H035320. The appeal is still pending before the Sixth District Court of
12  Appeal. If successful in the appeal, the State will re-try Plaintiff, potentially resulting in another
13  conviction.

14  Plaintiff filed this civil action on April 23, 2010, seeking § 1983 damages resulting from the
15  prosecution's evidence-related misconduct during his original trial.

16  **II. ANALYSIS**

17  Plaintiff seeks damages for his allegations of falsification of evidence, conspiracy to
18  conceal evidence, deliberate withholding of evidence, and municipal liability. The United States
19  Supreme Court has held that to recover damages for "harm caused by actions whose unlawfulness
20  would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or
21  sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a
22  state tribunal authorized to make such determination, or called into question by a federal court's
23  issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). In
24  *Wallace v. Kato*, the Court revisited *Heck*, allowing § 1983 actions to be brought even before
25  resolution of anticipated future convictions. *Wallace v. Kato*, 549 U.S. 384, 392-93 (2007).
26  However, the holding in *Wallace* was explicitly limited to § 1983 claims based on false arrest. *Id.*
27  at 390. Plaintiff's claim derives from conduct that is more akin to malicious prosecution than false
28  arrest, so the modification in *Wallace* does not apply.

2
Case No.: 10-CV-01758-LHK
ORDER GRANTING MOTION TO STAY PROCEEDINGS

1   Under *Heck*, courts should dismiss § 1983 actions related to pending proceedings if "a judgment in favor of the plaintiff would *necessarily* imply the invalidity of his conviction or sentence." *Id.* at 487 (emphasis added). Otherwise, they should allow such actions to proceed, assuming there is no other bar to the suit. *Id.* In this case, while the potential retrial is likely to have some degree of overlap with the issues brought forth in this case, a judgment in favor of Plaintiff's § 1983 claims asserted here would not necessarily imply the invalidity of a conviction. A conviction could conceivably result through the admission of other evidence. Thus, *Heck* does not require dismissal.

Moreover, under Supreme Court and Ninth Circuit authority, the Court is without discretion to dismiss Plaintiff's claims. *Deakins v. Monaghan*, 484 U.S. 193, 202-03 (1988); *Gilbertson v. Albright*, 381 F.3d 965, 979 (9th Cir. 2004). In *Deakins*, papers were seized from the plaintiffs for use at a possible grand jury investigation. *Deakins*, 484 U.S. at 196-97. The papers were held under seal pending the investigation. *Id.* While the state criminal matter was still pending, Plaintiffs brought a § 1983 action seeking damages for alleged constitutional violations based on the seizure. *Id.* The district court dismissed the complaint based on the *Younger* abstention doctrine (citing *Younger v. Harris*, 401 U.S. 37, 48 (1971). The Third Circuit reversed the dismissal of the request for damages, holding that the case should have been stayed rather than dismissed. *Id.* The Supreme Court affirmed the stay, approving the Third Circuit's rule "requir[ing] a District Court to stay rather than dismiss claims that are not cognizable in the parallel state proceeding." *Id.*, 484 U.S. at 202-03. The Court declined to decide whether *Younger* abstention applied to the case at all, but did hold that "even if the *Younger* doctrine requires abstention here, the District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding." *Id.*

*Younger* abstention is required when the outcome of a federal court action could enjoin an ongoing state proceeding, when that proceeding was brought in good faith, and when the claimant has the opportunity to raise his constitutional claims in the state court proceeding. *Gilbertson*, 381 F.3d at 970. The Ninth Circuit has found that § 1983 damages claims "turn[ing] on a constitutional challenge to pending state proceedings implicate the reasons for *Younger* abstention . . . ."

3

Case No.: 10-CV-01758-LHK
ORDER GRANTING MOTION TO STAY PROCEEDINGS

*Gilbertson v. Albright*, 381 F.3d 965, 979 (9th Cir. 2004) (citing *Younger v. Harris*, 401 U.S. 37, 48 (1971). However, because monetary damages for civil rights violations are not available in the ongoing state court proceedings, the third *Younger* factor is not met, and dismissal is not warranted under *Younger*. *Id*.

Following *Deakins*, the Ninth Circuit has held that in these circumstances, a stay of the federal case is the proper outcome. In *Gilbertson*, the Ninth Circuit found that a determination by the district court that a constitutional violation had occurred in the ongoing state proceedings would be akin to an injunction of the state proceeding, and therefore implicated the comity concerns addressed in *Younger*. *Gilbertson*, 381 F.3d at 980. However, the Ninth Circuit also found that because monetary damages for constitutional violations were not available in the state court action, dismissal was not the proper outcome. *Id*. Rather, the District Court should stay the federal case until the final resolution of the state court proceeding. *Id*. Here, Plaintiff cannot seek monetary damages for the alleged constitutional violations in the ongoing state court criminal proceedings. Therefore, *Gilbertson* and *Deakins* require that the Court stay this action pending resolution of the state criminal case.

This case is STAYED pending final resolution of the criminal charges against Plaintiff. If Plaintiff desires to continue with this case after disposition of the criminal charges against him, he must request that the stay be lifted and the case re-opened **within sixty days** of final disposition of the criminal charges (including all appeals). If the stay is lifted, the action will proceed at that time, absent any other bar to suit.

**III. CONCLUSION**

For the foregoing reasons, the motion to dismiss is DENIED, and the motion to stay proceedings is GRANTED. The clerk is directed to ADMINISTRATIVELY CLOSE the case.

**IT IS SO ORDERED.**

Dated: November 4, 2010

_____
LUCY H. KOH
United States District Judge